**Micheal A. JOHNSON, Appellant,**

v.

**Ronald D. GIBSON, Property Clerk, Metropolitan Police Property Division, Appellee.**

**No. 92-7166.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 16, 1993.

Decided Jan. 28, 1994.

Brian D. Boyle, Washington, DC, argued the cause and filed the briefs of amicus curiae on behalf of appellant.

Phillip A. Lattimore, III, Asst. Corp. Counsel, Washington, DC, argued the cause for appellee. With him on the brief were John Payton, Corp. Counsel and Charles L. Reischel, Deputy Corp. Counsel.

Before: GINSBURG and RANDOLPH, Circuit Judges, and SHADUR,* Senior District Judge.

Opinion PER CURIAM.

* Of the United States District Court for the Northern District of Illinois, sitting by designation pur-

PER CURIAM:

Micheal A. Johnson appeals from the judgment of the district court dismissing his complaint *sua sponte* as frivolous, pursuant to 28 U.S.C. § 1915(d). We reverse.

In December 1982, officers of the Metropolitan Police Department arrested Johnson on multiple criminal charges; the officers seized antique firearms and several boxes of photographs and negatives belonging to Johnson. Approximately two years later, Johnson pleaded guilty to taking indecent liberties with a minor child, in violation of D.C.Code § 22–3501. On May 25, 1988, while incarcerated, Johnson filed a *pro se* petition in the District of Columbia Superior Court for return of the seized property. In response, the District objected to the return of the firearms and a portion of the photographs and negatives which it asserted could "be in violation of D.C.Code ... § 22–2011 *et seq.*," prohibiting the possession of any material depicting minors engaged in sexual performances. Johnson then withdrew his request for the contested photographs and negatives and, on February 21, 1989, the Superior Court granted Johnson's request as so modified.

Four months after the Superior Court's ruling, in June 1989, Johnson renewed his motion for the unreturned material by filing a *pro se* "Motion for Return of Photographs and Negatives" with the Superior Court. Johnson followed up on this motion by filing a charge of "Criminal Misconduct by District of Columbia Officials" in August, and a "Petition for Writ of Habeas Corpus" in February. The Superior Court denied Johnson's motions in an order dated April 23, 1990. Observing that resolution of Johnson's claim would consume a great deal of the court's time and effort and that there would be no economy in having the court that presided over the underlying criminal claim rule on the motion, the court decided it would be "preferable to require defendant to make his demand directly to the Property Clerk and, if aggrieved by the decision of the Property

suant to 28 U.S.C. § 294(d).

Clerk, to pursue his right to judicial review in the appropriate forum."

In response to the Superior Court's decision, Johnson filed a timely appeal and, on May 7, 1990, sent a letter to the Property Clerk, with a copy to Assistant Corporation Counsel Nancy A. Neumann, requesting the return of his photographs and negatives. In September 1991, Assistant Corporation Counsel Sidney R. Bixler wrote to the District of Columbia Court of Appeals, notifying the court that the disputed material had already been destroyed. Bixler wrote:

> [n]o claim was made on the MPD property clerk for over a year after [the Superior Court's February 20, 1989] order, and there was no request that they be used as evidence. The property clerk therefore destroyed the photographs pursuant to D.C.Code §§ 4–169 and 4–157.

The District of Columbia Court of Appeals thereafter pronounced the appeal moot but affirmed the Superior Court's order. *Johnson v. United States*, No. 90–7111 (D.C. Nov. 18, 1991).

Johnson thereafter filed this *pro se* and *in forma pauperis* complaint in the federal district court naming the Property Clerk, Gibson, as sole defendant and charging a conspiracy between Gibson and Assistant Corporation Counsel Bixler to destroy the photographs and negatives with knowledge that they were the "subject of a longstanding, continuous D.C. Superior Court proceeding." Alleging causes of action under 42 U.S.C. §§ 1981, 1983, 1985 and 1986, and the Ethics in Government Act, 18 U.S.C. § 208(a), Johnson sought compensatory and punitive damages.

On June 26, 1992, prior to service of process, the district court *sua sponte* dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(d).[1] The district court reasoned:

> Plaintiff has noted in his complaint that he has already litigated this matter unsuccessfully. In addition, he has attached to his complaint a letter written by Sidney Bixler, Assistant Corporation Counsel of the District of Columbia, in connection to the prior litigation, that states that the Property Clerk destroyed the property at issue pursuant to D.C.Code §§ 4–169 and 4–157 (respectively, "Property Treated as Abandoned" and "Return of Property"). Plaintiff presents no evidence to distinguish his instant complaint from his prior litigation, no evidence that the property was destroyed inconsistently with section 4–169, and plaintiff appears to concede that the property was unclaimed by him for over a year, a condition precedent for destruction of property under section 4–169.

*Johnson v. District of Columbia*, No. 92–0547 (D.D.C. June 26, 1992).

Under the *in forma pauperis* statute, the court may dismiss a complaint "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). This is a stringent standard. The court cannot dismiss a case merely because it believes that the plaintiff will lose on the merits or will lose on a Fed.R.Civ.P. 12(b)(6) motion for failure to state a claim. *See Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Rather, the court must conclude that the complaint "lacks an arguable basis either in law or in fact." *Id.* at 325, 109 S.Ct. at 1831. The complaint must be based upon either "an indisputably meritless legal theory," *id.* at 327, 109 S.Ct. at 1833, or a "fanciful factual allegation." *Id.* at 325, 109 S.Ct. at 1832; *see Denton v. Hernandez*, —— U.S. ——, ———–——, 112 S.Ct. 1728, 1733–34, 118 L.Ed.2d 340 (1992).[2]

---

1.  (d) The court may request an attorney to represent any ... person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.
    28 U.S.C. § 1915(d).

2.  Gibson argues that the district court's order should be upheld because Johnson's complaint did not meet the heightened pleading standard enunciated in *Kimberlin v. Quinlan*, 6 F.3d 789

(D.C.Cir.1993). *Kimberlin* dealt with a Fed.R.Civ.P. 56(c), summary judgment motion, not a dismissal under the *in forma pauperis* statute. In any event, under *Neitzke*, a complaint cannot be dismissed as frivolous on the basis that it appears unlikely to survive a later motion directed to pleading deficiencies or because the legal grounds supporting the complaint may prove insufficient.

■ Johnson's claim is based on neither. He alleges that Gibson withheld the disputed photographs and negatives on the basis of their content and destroyed them without notice or hearing and with knowledge of the ongoing Superior Court litigation. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam), counsels us to give *pro se* complaints a generous reading. So read, the complaint could be construed to assert violations of Johnson's alleged First Amendment right to a judicial determination of the legality of this material prior to its destruction, and an alleged due process right to a hearing within a reasonable time after seizure of the property.

■ The district court seemed to suggest that the prior litigation barred Johnson's current claims. The record raises considerable doubts about this. The Superior Court's last opinion merely refused to take jurisdiction over Johnson's claims. Moreover, in his action here, Johnson is seeking damages under federal law for the destruction of his property, not the return of his property pursuant to D.C. law. Johnson also supports his § 1983 claims by alleging that Gibson's destruction of the property was not "merely negligent conduct." *Daniels v. Williams,* 474 U.S. 327, 330, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). While Gibson may have destroyed the photographs pursuant to D.C. law, that remains to be seen. At all events, both *res judicata* and qualified immunity for official action are affirmative defenses that can be waived if not properly raised. The court should have permitted the defendant to be served and left it to the defendant to choose whether or not to raise any possible defenses.

Our examination of the complaint indicates that Johnson is not making fanciful factual allegations. The District of Columbia admitted that it retained the photographs and negatives on the basis of their content, *i.e.,* that they might depict minors engaged in sexual performances. The Bixler letter, which states that the disputed material was not destroyed until one year after the February 1989 Superior Court ruling, tends to support Johnson's charge that the materials were not destroyed prior to his bringing of the second Superior Court action. D.C.Code § 23–525 requires the Property Clerk to consult with the court, a United States Attorney, or the D.C. Corporation Counsel—any of whom should have been aware of the litigation—before destroying property seized in the execution of a warrant. We therefore cannot say that it was fanciful for Johnson to allege that Gibson was informed of the litigation at the time he destroyed the property.

For these reasons, Johnson's complaint was not frivolous under 28 U.S.C. § 1915(d) and it should not have been dismissed.

*Reversed.*